## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) LOT MAINTENANCE OF OKLAHOMA, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 13-cv-686-CVE-TLW |
| (1) TULSA METROPOLITAN UTILITY AUTHORITY, | ) ) ) | |
| Defendant. | ) ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS BASED ON LACK OF A JUSTICIABLE CONTROVERSY

Plaintiff, Lot Maintenance of Oklahoma, Inc. ("Lot Maintenance" or "Plaintiff"), submits this response in opposition to the Motion to Dismiss based on the lack of a justiciable controversy filed by Defendant, Tulsa Metropolitan Utility Authority ("TMUA" or "Defendant").

## INTRODUCTION

Plaintiff submitted the lowest bid for a TMUA sanitary sewer system cleaning project (the "Project"). Complaint ¶ 31 (Doc. #2). The bid package included the City of Tulsa's affirmative action plan ("BRIDGE.DBE and M/FBE") which requires prime contractors to grant preferential treatment to individuals and companies based on race and sex in violation of the Oklahoma Civil Rights Initiative and the U.S. Constitution's Equal Protection Clause. (*Id.* ¶¶ 46, 51).

BRIDGE.DBE and M/FBE required Lot Maintenance as a prime contractor to treat potential subcontractors differently based on the race and gender of their owners. Nonetheless, Plaintiff spent time and money making a good faith effort to comply by "soliciting advice

concerning the new BRIDGE.DBE and M/FBE forms and requirements" from two city employees, "consulting a list of certified subcontractors" to find none qualified to work on the Project, "considering using Elite Root Control" before determining that the company was not qualified, and "contacting several of their current vendors to learn if they were designated BRIDGE.DBE or M/FBE." Ultimately, Plaintiff found no BRIDGE.DBE or M/FBE subcontractors qualified to assist on the Project. (*Id.* ¶¶ 22-26.)

The only reason Plaintiff was not awarded the Project is Defendant's adoption of an unconstitutional affirmative action program requiring Lot Maintenance to treat subcontractors differently based on their owners' race and sex. (*Id.* ¶¶ 37-38.) TMUA deemed plaintiff's low bid "non-responsive" solely because of non-compliance with the affirmative action program. (*Id.* ¶ 35). After Plaintiff filed this lawsuit for an injunction reinstating Plaintiff as the low bidder and awarding Plaintiff the contract, TMUA choose to re-bid the project without the offending BRIDGE.DBE and M/FBE utilization requirements. Def.'s Mot. To Dismiss at Ex. 1 ("Mot.") (Doc. #13-1).

After announcing the re-bidding, TMUA moved to dismiss this case claiming Lot Maintenance does not have standing. TMUA wrongly believes a second bid process moots the injury already inflicted on Lot Maintenance. Because the re-bidding process does not grant Lot Maintenance the contract it was denied solely based on compliance with an unconstitutional provision, TMUA has not mooted the case through its actions.

The only way to make Plaintiff whole is for the Court to grant the injunctive and declaratory relief requested in the Complaint and order that Plaintiff's bid be reinstated as responsive and that the Project be awarded to Plaintiff as low bidder.

## STANDARD OF REVIEW

Defendant's Motion argues that this Court does not have jurisdiction over this matter because it is not a justiciable case or controversy pursuant to Article III of the United States Constitution. Plaintiff assumes Defendant's Motion is made pursuant to Fed. R. Civ. P. 12(b)(1). Thus, Plaintiff bears the burden of establishing standing and ripeness. See *Miss. State Democratic Party v. Barbour*, 529 F.3d 538, 544 (5th Cir. 2008).

> Motions to dismiss under Fed.R.Civ.P. 12(b)(1) generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests. In analyzing a motion to dismiss on the basis of a facial attack on the sufficiency of the complaint, the Court must presume all of the allegations contained in the complaint to be true. However, in the case of a factual challenge under Rule 12(b)(1), the Court does not presume the truthfulness of the factual allegations of the complaint but has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.

*Seneca-Cayuga Tribe of Oklahoma v. Edmondson*, 06-CV-0394-CVE-SAJ, 2006 WL 3452702, *3 (N.D. Okla. Nov. 29, 2006). Defendant does not challenge the truthfulness of any factual allegation in the complaint, so under either a facial or factual attack, the allegations are presumed to be true. (See Mot. at 2-3.)

Defendant appears to be making a facial attack, arguing that the complaint ""alleges no facts to support a concrete injury" and "[a]lthough Plaintiff includes *conclusory* allegations that it has suffered 'monetary and other damages' and 'these injuries will continue,' it offers no *facts*

to support these allegations." (*Id.*) Regardless, when deciding this Motion, the Court should accept the Complaint's allegations as true.[1]

**ARGUMENT AND AUTHORITIES**

Plaintiff Lot Maintenance has standing, the matter is ripe for the Court's review, and the case is not moot.

**I.     Plaintiff Has Standing To Challenge Defendant's Adoption Of The Unconstitutional Ordinance.**

Plaintiff is the proper party to challenge TMUA's bid package requirement. Plaintiff bid on the contract, which required treating individuals and companies differently based on their race and sex. Defendant's adoption of the ordinance resulted in Plaintiff not being awarded the contract. Plaintiff's concrete and particularized injury, caused by TMUA, can be redressed by the Court's issuance of injunctive and declaratory relief by reinstating Plaintiff's original bid, causing Plaintiff to be awarded the Project.

"The three requirements to demonstrate Article III standing include: 1) an injury in fact; 2) a causal relationship between the injury and the challenged conduct; and 3) a likelihood that the injury will be redressed by a favorable decision. The injury in fact requirement is satisfied if the plaintiff shows that it has suffered an injury that is '(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Nova Health Systems v. Fogarty*, 01-CV-0419-EA, 2002 WL 32595281, at *4 (N.D. Okla. June 14, 2002) (citing *Friends of the Earth v. Laidlaw Environmental Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)).

---

[1] Defendant's intention is somewhat confusing because it presents evidence outside of the pleadings. See Mot. at Ex. 1. However, the attached exhibit does not contradict any allegation made in Plaintiff's Complaint.

"If not for the City of Tulsa's race conscious affirmative action program, TMUA would have awarded the Project to Lot Maintenance as low bidder." (Complaint ¶ 38). TMUA ignores this injury.

Defendant relies on *Warth v. Seldin*, 422 U.S. 490 (1975) for the proposition that Plaintiff failed to allege facts to support the existence of an injury of sufficient immediacy and ripeness to warrant judicial intervention. (See Mot. at 3.) *Warth* is readily distinguishable. In *Warth*, several organizations and residents sued a town and zoning, planning and town boards, claiming that the town's zoning ordinance effectively excluded persons of low and moderate income from living in the town. 422 U.S. at 490. Plaintiff Home Builders requested leave to intervene in the suit, alleging that the zoning restrictions, together with refusals by town officials to grant variances and permits for the construction of low- and moderate-cost housing deprived some of its members of "substantial business opportunities and profits." *Id.* at 515. The Court held that Home Builders did not have standing because it failed to allege sufficient facts to support the existence of an injury-in-fact with respect to their claim for declaratory and injunctive relief:

> The complaint refers to no specific project of any of its members that is currently precluded either by the ordinance or by respondents' action in enforcing it. There is no averment that any member has applied to respondents for a building permit or a variance with respect to any current project. Indeed, there is no indication that respondents have delayed or thwarted any project currently proposed by Home Builders' members, or that any of its members has taken advantage of the remedial processes available under the ordinance. In short, insofar as the complaint seeks prospective relief, Home Builders has failed to show the existence of any injury to its members of sufficient immediacy and ripeness to warrant judicial intervention.

*Id.* at 516.

Here, Plaintiff identified a specific project which was "delayed or thwarted" by Defendant's adoption of an unconstitutional ordinance. (See Complaint ¶ 17 (TMUA's Project

No. TMUA ES-2014-WC1 "Cleaning of Sanitary Sewer System Located in Various Areas of the City").)

Additionally, the Supreme Court more recently held that a company "need not demonstrate that it has been, or will be, the low bidder on a Government contract" because the injury "in cases of this kind is that a 'discriminatory classification prevent[s] the plaintiff from competing on an equal footing.'" *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 211 (1995) (quoting *Ne. Florida Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 667 (1993). Thus, Lot Maintenance need not even allege that it would have won the contract "'but for the barrier in order to establish standing.'" *Id.* Here, Plaintiff alleges an inability to compete on equal footing on the past contract and that but for that barrier, TMUA would have awarded Plaintiff the contract. Taking the alleged facts as true, Plaintiff pled an injury-in-fact.

    B.    *Defendant Caused The Injury In Fact By Declaring Plaintiff's Bid Non-Responsive Based On An Unconstitutional Policy.*

Defendant's motion does not contest causation. Indisputably, TMUA's adoption of the City's racial and gender conscious affirmative action ordinance was the cause of Lot Maintenance not receiving the contract as the low bidder.

    C.    *The Injury Can Be Redressed By This Court.*

The Court can issue an injunction reinstating Plaintiff's bid and ordering TMUA to finalize the contract. After Plaintiff sought administrative reconsideration, (See Complaint ¶¶ 36-37), Plaintiff had no avenue to remedy the wrong but to seek judicial relief.

But for Defendant's use of the unconstitutional ordinance in this case, TMUA would have awarded the bid to Lot Maintenance. (Complaint ¶ 38). The Court can remedy this injury by

granting declaratory and injunctive relief, ordering Plaintiff's low bid be reinstated as responsive, and requiring Plaintiff be awarded the Project.[2]

## II.     This Matter Is Ripe Because An Injury Already Occurred.

The doctrine of ripeness and standing are closely related. *See Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009). "While standing is primarily concerned with *who* is a proper party to litigate a particular matter, ripeness addresses *when* litigation may occur. [I]n many cases, ripeness coincides squarely with standing's injury in fact prong." *Id.* "For example, '[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id.* In the instant matter, the injury sustained is not contingent on a future event. Plaintiff was not awarded the Project because Defendant deemed its bid as non-responsive pursuant to an unconstitutional ordinance. (See Complaint ¶ 35.)

Defendant's exhibit showing TMUA intends to re-bid the project at some point in the future does not render Plaintiff's claims unripe. Plaintiff requests relief from the rejection of its **original** bid. That injury can only be redressed through reinstating Plaintiff's original bid and awarding the contract to Plaintiff.

Defendant's exhibit further illustrates that if injunctive relief is denied, Plaintiff will be threatened with additional imminent injuries. Plaintiff will be forced to participate in a re-bidding process, albeit omitting the unconstitutional ordinance. (See Mot. at 3.) Plaintiff will incur costs

_____

[2] The Complaint contains sufficient factual allegations to show that Defendant's actions caused Plaintiff harm that can be redressed by this Court. However, if the Court determines that the factual allegations are insufficient, Plaintiff requests leave to file an Amended Complaint to more specifically enumerate its injuries.

to participate. And Plaintiff has revealed important information to its competitors through the original bidding process, likely requiring a lower bid to win the Project.

## III.    Defendant's Decision to Re-Bid The Project Does Not Moot This Case.

After being sued, Defendant attempted to moot the case by re-bidding the project without the challenged BRIDGE.DBE and M/FBE provisions. "[V]oluntary cessation of an alleged illegal practice which the defendant is free to resume at any time" does not moot a case. *Chihuahuan Grasslands Alliance v. Kempthorne*, 545 F.3d 884, 892 (10th Cir. 2008); *see also City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 (2001) ("a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior"). Without a permanent injunction, nothing prohibits Defendant from re-adopting the City of Tulsa affirmative action plan in future bids.

Moreover, even if Lot Maintenance wins the re-bid, Plaintiff would not be made whole. Plaintiff must expend time and money to participate in a re-bidding process and may have to bid lower than its original bid due to the informational advantage given to its competitors through the original bidding process. In short, regardless of the outcome of the re-bid, the case will not be mooted. Plaintiff's injury, TMUA deeming the original low bid non-responsive on unconstitutional grounds, will still exist.

### <u>CONCLUSION</u>

Plaintiff Lot Maintenance is the appropriate party with standing to challenge TMUA's actions. Lot Maintenance suffered an injury in fact, caused by TMUA's adoption of the City of Tulsa's BRIDGE.DBE and M/FBE plans, and the injury can be redressed by this Court.

The matter is ripe for adjudication and delay will only cause additional damages to be incurred by Lot Maintenance in re-competing to win a project on which it was already the low bidder.

Plaintiff has alleged sufficient facts in its Complaint to establish standing and ripeness, and has therefore plead a justiciable case or controversy. For the foregoing reasons, Defendant's Motion to Dismiss should be DENIED.

Respectfully submitted,

s/Katherine E. Koljack

Katherine E. Koljack, OBA #31123
Ronald N. Ricketts, OBA #7563
Adam C. Doverspike, OBA #22548
**GABLEGOTWALS**
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, Oklahoma 74103-4217
(918) 595-4800
(918) 595-4990 (fax)
*rricketts@gablelaw.com*

*Attorneys for Plaintiff,*
*Lot Maintenance of Oklahoma, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December, 2013, a true and correct copy of the above and forgoing was electronically transmitted using the ECF filing system to the following:

/s/ Katherine E. Koljack